UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EUSIDA BLIDGEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action 25-cv-12329-IT |
| | * | |
| BRAINTREE PUBLIC SCHOOLS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

MEMORANDUM AND ORDER

October 6, 2025

TALWANI, D.J.

      Plaintiff Eusida Blidgen, proceeding *pro se*, has filed a Complaint [Doc. No. 1], Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], Motion for Reasonable Accommodations [Doc. No. 5], and Notice of Status and Urgency [Doc. No. 8].[1] For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, DENY the motion for reasonable accommodations, and direct Plaintiff to file an amended complaint if she wishes to proceed with this action.

## I.    Motion for Leave to Proceed *in Forma Pauperis*

      In her motion for leave to proceed *in forma pauperis* [Doc. No. 2], Plaintiff does not clearly identify the source of her modest income or the nature and amount of her monthly living expenses. However, based on Plaintiff's representation in another case that she is the recipient of

---

[1] Plaintiff has also filed a Motion for Leave to File Electronically [Doc. No. 3], which the court will grant by separate order.

need-based public assistance, see <u>Blidgen v. Town of Braintree</u>, C.A. No. 25-12302-MJJ

(D. Mass.) [Doc. No. 2], in this instance the court <u>GRANTS</u> the motion.

II.     <u>**Motion for Reasonable Accommodations**</u>

In her Motion for Reasonable Accommodations, Plaintiff asks "for reasonable

accommodations pursuant to Title II of the Americans with Disabilities Act . . . and Section 504

of the Rehabilitation Act, in order to ensure meaningful participation in these proceedings."

[Doc. No. 5 at 1]. Plaintiff represents that she "has a documented learning disability that

substantially limits her ability to process, certain, and recall complex spoken and written

information in real time." <u>Id.</u> She asks that the court provide "permission to record," "expedited

written transcripts," "use of assistive technology," "periodic breaks," "extended time for

deadlines," "plain-language explanations," "written summaries of deadlines," and "support

person/advocate." <u>Id.</u>

The court <u>DENIES</u> the motion without prejudice because, as set forth below, neither Title

II of the Americans with Disabilities Act ("ADA") nor Section 504 of the Rehabilitation Act

mandate the requested relief.

Title II of the ADA provides that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132. The statute defines "public entity" to include "any State or local

government" and "any department, agency, special purpose district, or other instrumentality of a

State . . . or local government." 42 U.S.C. § 12131(1). The definition of a "public entity" does

not include the federal government.

2

Similarly, Section 504 of the Rehabilitation provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a) (emphasis added). The federal courts are not a "program or activity" receiving "[f]ederal financial assistance," or a "program or activity conducted by [an] Executive agency or by the United States Postal Service."

Notwithstanding, should this case go forward, Plaintiff may, by motion, ask for an accommodation vis-à-vis a specific matter (e.g., a motion for an extension of time to comply with an order) as necessitated by her asserted learning or communication disability.

## III.    Review of the Complaint

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of her complaint and dismiss any claim that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The court construes Plaintiff's pleading liberally because she is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### A.    Plaintiff's Claims

Plaintiff brings this action against Braintree Public Schools "for systemic violations of her civil rights, disability rights under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, and her children's educational rights under the Individuals with Disabilities Education Act (IDEA)." Compl. ¶ 1. Plaintiff represents that she is the parent of five children enrolled in the Braintree Public Schools. Id. ¶ 6. According to Plaintiff, she has "a documented communication disability [and] requires accommodations, including access to

recorded IEP[2] meetings." Id. ¶ 8. Plaintiff claims that Braintree Public Schools "repeatedly denied [her] access to IEP recordings, misrepresented facts in DESE filings, and created a hostile environment that prevented Plaintiff from participating in her children's education." Id. ¶ 9. Braintree Public Schools allegedly "retaliated against Plaintiff for protected activity, including by . . . [r]emoving or denying IEP services for her children after she complained," "[c]onditioning return of services on Plaintiff's agreement not to post about the school on TikTok," "[m]isrepresenting facts in official reports, including false claims about recordings and timelines," "[c]reating an environment so hostile that Plaintiff could not safely step onto school grounds without support," and "[o]ffering 'second options' that were not reasonable accommodations given Plaintiff's disability." Id. ¶ 10. Braintree Public Schools' conduct allegedly "directly harmed Plaintiff's children by denying them necessary services, exposing them to unsafe conditions, and using procedural tactics to minimize accountability." Id. ¶ 11. Plaintiff claims that "[d]ates and facts in Defendant's filings often did not align, exaggerating delays and shifting blame onto Plaintiff, despite her documented communication barriers and justified need for support." Id. ¶ 12. Plaintiff asserts claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. Id. at 2. Plaintiff also brings claims for "Retaliation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments" and "Denial of Equal Protection and creation of a hostile education environment." Id.

In her prayer for relief, Plaintiff asks that the court "[i]ssue injunctive relief requiring Braintree Public Schools to immediately cease retaliation, harassment, denial of access, and

---

[2] "IEP" is shorthand for "individualized education program." See 20 U.S.C. § 1401(14).

harmful restrictions against Plaintiff and her children," "[r]estore full access to IEP recordings and communication accommodations while this case is pending," and "[a]ppoint an independent monitor or third-party neutral to oversee all future IEP meetings." Id. at 2-3. Plaintiff also seeks compensatory and punitive damages. Id. at 3.

      **B.**    **Discussion**

      To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)).

      In determining whether the complaint provides a defendant adequate notice of the plaintiff's claim and shows that the plaintiff is entitled to relief, the court only considers "well-pleaded" factual allegations. In other words, allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

A complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Id. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556).

Here, the complaint does not contain sufficient "well-pleaded" factual allegations to give Braintree Public Schools adequate notice of the claims against it or to allow the court to draw the reasonable inference that Braintree Public Schools violated Plaintiff's rights under the ADA, Rehabilitation Act, First Amendment, or Fourteenth Amendment. Plaintiff's allegations are largely "naked assertions" and conclusory allegations of wrongdoing. For example, Plaintiff claims that Braintree Public Schools retaliated against her for "protected activity," but she does not specify any particular "protected activity." Plaintiff asserts that Braintree Public Schools "remov[ed] or den[ied] IEP services" without stating the nature of the services in question that were removed or denied. Plaintiff's allegation that Braintree Public Schools created "an environment so hostile that Plaintiff could not safely step onto school ground without support" is devoid of necessary "further factual enhancement." In addition, Plaintiff does not identify in the Complaint when Braintree Public Schools' alleged conduct occurred or which of her five children it concerned.

If Plaintiff wishes to proceed with this action, she must file an amended complaint which (1) gives Braintree Public Schools adequate notice of the claims against it and the factual grounds upon which those claims rest; and (2) contains sufficient well-pleaded factual allegations that allow a reasonable inference of liability.

IV.    **Notice of Status and Urgency**

On September 29, 2025, Plaintiff filed a Notice of Status and Urgency [Doc. No. 8] "to highlight urgent circumstances that are extraordinary, retaliatory, and demand immediate judicial intervention." Id. at 1. Plaintiff represents that, on September 19, 2025, Braintree Public Schools held an IEP meeting concerning one of Plaintiff's children without her "presence, knowledge consent, or waiver of rights." Id. Plaintiff represents that Braintree Public Schools held this meeting even though, just days before, she had requested in writing a complete set of the child's records and additional time to review the documents before any IEP meeting. Id. Plaintiff claims that she did not learn that the meeting was held until September 25, 2025. Id. According to Plaintiff, she has "a documented communication disability requiring a five-step accommodation process for handling paperwork," and that, "[d]espite years of notice, these accommodations have been willfully ignored." Id.

Plaintiff also alleges that her children have been "enduring repeated racial harassment," which includes racial taunts by their classmates "as well as being subjected to racially charged classroom film that adults minimized instead of addressing." Id.

The court declines to take any action based on the allegations in the notice. If Plaintiff wishes to assert a claim based on an actionable procedural violation of the IDEA, she must first comply with the IDEA's administrative exhaustion requirement. See 20 U.S.C. § 1415(f)(3)(E)(ii) (providing that a procedural violation of the IDEA which "significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a free appropriate public education to the parents' child" is actionable); T.R. v. Sch. Dist. of Philadelphia, 4 F.4th 179 (2021) (holding that, to the extent a procedural violation of the IDEA is actionable, a plaintiff must exhaust administrative remedies before filing a lawsuit).

While the allegations of Plaintiff's children being subjected to discrimination are concerning, Plaintiff cannot litigate on behalf of her children.[3] Federal law provides that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Although this statute permits persons to represent themselves, it does not allow unlicensed laypersons to represent co-plaintiffs or any other individuals. See O'Diah v. Volkswagen of Amer., Inc., 91 Fed. App'x 159, 160 (1st Cir. 2004) (per curiam) ("We have interpreted [28 U.S.C. § 1654] as barring a non-lawyer from representing anyone but himself."). This is true even when the unrepresented injured party cannot represent themselves because they are a minor or incompetent.[4] See id. ("[E]ven assuming that [plaintiff] is incompetent and needed a representative, such as his father, to sue on his behalf . . . his father would still need to be represented by an attorney."); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61–62 (2d Cir.1990) (holding that non-attorney parent must be represented by counsel when bringing an action on behalf of his minor child).

If Plaintiff elects to file an amended complaint (1) she cannot include claims under the IDEA for which she has not exhausted her administrative remedies; and (2) she cannot bring claims on behalf of her children.

---

[3] Because the "IDEA grants parents independent, enforceable rights," Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 533 (2007), Plaintiff may bring a claim under the IDEA on her own behalf.

[4] Minors and incompetent persons may sue only through a duly appointed representative, next friend, or guardian ad litem. See Fed. R. Civ. P. 17(c).

**V.    <u>Conclusion</u>**

In accordance with the foregoing, the Court hereby orders:

1.    The <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [Doc. No. 2] is GRANTED.

2.    The <u>Motion for Reasonable Accommodations</u> [Doc. No. 5] is DENIED without prejudice.

3.    If Plaintiff wishes to proceed with this action, she must, within twenty-eight (28) days file an amended complaint that contains a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: October 6, 2025