UNITED STATES DISTRICT CO
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUSIDA BLIDGEN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action 25-cv-12329-IT |
| | * |
| BRAINTREE PUBLIC SCHOOLS, | * |
| | * |
| Defendant. | * |
| | * |

MEMORANDUM AND ORDER

December 17, 2025

TALWANI, D.J.

Plaintiff Eusida Blidgen ("Plaintiff"), who is proceeding *pro se*, brings this action against Braintree Public Schools and certain school administrators, directors, teachers, and others, alleging that they have violated her rights and those of her children. Now before the court are Plaintiff's Amended Complaint [Doc. No. 16], Addendum thereto [Doc. No. 17], and Letter to the Court—Exhaustion of Remedies [Doc. No. 18]. Also pending are Plaintiff's Motion for Reasonable Accommodation [Doc. No. 12], Motion for Emergency Relief [Doc. No. 13], and Emergency Motion for Immediate Relief [Doc. No. 16].[1] For the reasons set forth below, the court will require Plaintiff to file a second amended complaint if she chooses to pursue this lawsuit and will deny the pending motions without prejudice.

---

[1] Each of these documents includes the name of one or more of Plaintiff's children and has been placed under seal by the court to protect the children's privacy. Plaintiff is directed as to all further filings that any reference to her minor children may only include the children's initials and not their full name. See Fed. R. Civ. Proc. 5.2(a).

**I.       Plaintiff's Claims in the Amended Complaint, Addendum, and Letter to the Court**

Plaintiff filed the amended complaint in response to the court's October 6, 2025 Order [Doc. No. 10]. In that order, the court found that Plaintiff's original complaint did not contain sufficient well-pleaded allegations to give Braintree Public Schools, the sole Defendant, adequate notice of the claims against it or to allow the court to draw the inference that Braintree Public Schools had violated the laws under which Plaintiff sought relief. Id. at 6. The court directed Plaintiff that if she wished to pursue this lawsuit, she was required to file an amended complaint curing these pleading deficiencies. Id. at 6, 9. The court also explained that any claim under the Individuals with Disabilities Education Act ("IDEA") could not be asserted in court unless Plaintiff met the statute's administrative exhaustion requirement. Id. at 7. The court explained further that Plaintiff could not litigate on behalf of her children. Id. at 8.

Plaintiff brings the amended complaint "individually, and as parent/next friend of" her four minor children, and as the "friend of" one child who is eighteen years old. Am. Compl. 1 [Doc. No. 16]. She names as defendants Braintree Public Schools, seventeen individual employees of the Braintree Public Schools, and Braintree Public Schools' private attorney.

The amended complaint is divided into eight sections. Section I of the amended complaint is titled "Plaintiff – Eusida Blidgen (Mother and Plaintiff, Disability Accommodation)." Id. at 2. Plaintiff brings four claims in this section. First, Plaintiff alleges that in Fall 2023, her "first encounter with hostility occurred during school drop-off, related to a parking spot dispute." Id. She continues: "Staff were aggressive despite Plaintiff having a handicap placard." Id. Plaintiff maintains that this conduct violated her rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Am. Compl. 2 [Doc. No. 16].

Second, Plaintiff alleges that, on November 7, 2024, a "[r]ecording [was] denied" at a meeting concerning the Individualized Education Plan ("IEP") of one of her minor children "despite Plaintiff's disability accommodation request." Id. Plaintiff claims that this conduct violated her rights under the ADA, the Rehabilitation Act, and the IDEA. Id. Third, Plaintiff alleges that on May 1, 2025, Braintree Public Schools "imposed a communication ban across all schools, citing a TikTok narration video without notice or hearing." Id. Plaintiff asserts that this conduct constituted "free speech retaliation" in violation of the First Amendment, the ADA, and the IDEA. Id. Fourth, Plaintiff claims that "[r]epeatedly, documents were sent to wrong emails or withheld" in violation of the IDEA and the Family Educational Rights and Privacy Act ("FERPA"), 22 U.S.C. § 1232g. Am. Compl. 2 [Doc. No. 16].

Sections II-VI two through six concern alleged injuries to Plaintiff's children, including the failure to call an ambulance when two of her children suffered concussions during a fight in the school cafeteria, racial harassment, and failing to provide the Plaintiff's preschool-age child with adequate support. Id. at 2-3.

In Section VII, entitled "Pattern of Retaliation and Collusion," Plaintiff alleges that Braintree Public Schools "misused waiver forms to hold [meetings concerning] IEPs without [her]" in violation the IDEA, engaged in a "[r]epeated surveillance of Plaintiff's child pickups; harassment emails," in violation of the anti-retaliation provision of the ADA, 42 U.S.C. § 12203. Am. Compl. 4 [Doc. No. 16]. Plaintiff also claims that two school principals "perpetuated misconduct," and that when Plaintiff "begged [a superintendent] to stop harassment . . . he dismissed her, stating, 'your chain of events does not add up to theirs.'" Id. Plaintiff asserts that this alleged misconduct "shows systemic collusion" in violation of 42 U.S.C. § 1983. Am.

Compl. 4 [Doc. No. 16]. Section VIII is Plaintiff's prayer for relief, in which she seeks injunctive and declaratory relief and damages. Id. at 4.

Plaintiff attached to the amended a complaint a letter dated August 25, 2025, that she received from the Massachusetts Department of Elementary and Secondary Education ("DESE"). Letter [Doc. No. 16-1]. In this letter, DESE states its Problem Resolution System Office ("PRS") received her complaint alleging that she was "denied an accommodation to record" two IEP meetings in 2024 and 2025, and that "the District retaliated against [Plaintiff] by issuing a communication protocol following the posting of a Tik Tok video, which limited [her] participation in IEP meetings." Id. at 1. DESE states that the denial of a recording accommodation was addressed in five different "Letter[s] of Closure" issued earlier in August 2025. Id. DESE informs Plaintiff that "PRS decisions are final and may not be appealed," but that she could seek a "due process hearing" through Bureau of Special Education Appeals" ("BSEA"). Id. at 2. DESE states that "the BSEA's due process hearing decision would be binding on the parties and may be appealed." Id.

In her addendum to the amended complaint, Plaintiff alleges that the individual Defendants, while acting under color of state law, "denied [her] meaningful participation in her children's education and retaliated against her advocacy, including district wide communication restrictions and deletion or withholding of IEP recordings[.]" Addendum 1 [Doc. No. 17]. Plaintiff also alleges that the Defendants "tolerated, minimized, and failed to remediate" racial harassment of her children. Id.

In Plaintiff's letter to the court, she represents that she has "exhausted all available remedies before bringing this matter to federal court." Letter 1 [Doc. No. 18]. Plaintiff states that she made complaints to or otherwise sought assistance from DESE, the police department, the

mayor's office, Braintree Public Schools, Braintree Public Schools superintendents, the Office for Civil Rights, and the Massachusetts Office for Children with Disabilities. Id. at 1-2. Plaintiff represents that she also unable obtain legal counsel even though she contacted "attorneys across the region." Id. at 1. According to Plaintiff, "[m]any refused, citing the District's wealth, influence, reputation," and "[o]thers required prohibitively high retainers." Id.

## II.     Discussion

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief'" Fed. R. Civ. P. 8(a)(2). The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To "show that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Id. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Id. (quoting Twombly, 550 U.S. at 557). Further, the well-pleading allegations must "sustain recovery under some actionable legal theory." N.R. by & through S.R. v. Raytheon Co.,

24 F.4th 740, 746 (1st Cir. 2022) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).

### A. Claims for Injuries to Plaintiff's Children

As the court explained in its October 6, 2025 order, Plaintiff may not bring claims in her own name based on injuries to her children. Thus, Plaintiff has not stated a claim in Sections II-VI upon which she is entitled to relief.

In addition, Plaintiff cannot bring claims on behalf of her children unless she is a licensed attorney. Plaintiff may only serve as "parent/next friend" to her minor children in litigation only if she is represented by an attorney. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61–62 (2d Cir.1990); see also Local Rule 83.5.5(b) ("[a]n individual appearing *pro se* may not represent any other party[.]").

### B. FERPA

"Congress enacted FERPA under its spending power to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records." Gonzago Univ. v. Doe, 536 U.S. 273, 278 (2002). The statute "directs the Secretary of Education to withhold federal funds from any public or private 'educational agency or institution' that fails to comply with these conditions." Id. (quoting 20 U.S.C. § 1232g(b)(1)). However, FERPA limits its enforcement to the Secretary of Education. FERPA does not contain a provision explicitly allowing enforcement by a private individual through a lawsuit, and the Supreme Court has found that FERPA does not contain an implied private right of action. Id. at 290; see also Doe v. W. New England Univ., 228 F. Supp. 3d 154, 176 n.20 (D. Mass. 2017) ("FERPA does not provide either a private cause of action or rights that are enforceable under 42 U.S.C. § 1983." (citing Gonzago Univ., 536 U.S. at 287-88)).

Thus, even assuming Plaintiff has adequately pled that a Defendant violated FERPA, she cannot obtain any relief under that statute.

**C.     IDEA**

"The IDEA offers states partial federal funding for special education of children with qualifying disabilities." Johnson v. Bos. Pub. Schs., 906 F.3d 182, 185 (1st Cir. 2018) (citing 20 U.S.C. § 1412(a)). "In exchange, states receiving IDEA funds commit to providing all of those disabled children within their jurisdiction "a free appropriate public education ('FAPE') in the least restrictive environment possible." Id. (quoting Sebastian M. v. King Philip Reg'l Sch. Dist., 685 F.3d 79, 81 (1st Cir. 2012)).

The "IDEA grants parents independent, enforceable rights," Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 533 (2007), so Plaintiff may bring a claim under the IDEA on her own behalf. However, "[t]he IDEA requires exhaustion -- i.e., resort to the administrative process -- before a plaintiff may bring a civil action pursuant to other federal laws protecting the rights of disabled children if the relief sought is from the denial of a free appropriate public education." Doucette v. Georgetown Pub. Schs., 936 F.3d 16, 18 (1st Cir. 2019) (citing 20 U.S.C. § 1415(l)). "The administrative process culminates in an impartial due process hearing conducted by the state educational agency or the local educational agency, as determined by the state." Id. at 18-19 (citing 20 U.S.C. § 1415(f)). "In Massachusetts, the impartial due process hearings are conducted by the Massachusetts Bureau of Special Education Appeals ['BSEA']." Id. at 19 n.1 (citing M.G.L. ch. 71B, § 2A); see also 603 C.M.R. § 28.08(5) (setting forth procedures for hearings in front of the BSEA).

In her filings, Plaintiff indicates that she has sought relief through the DESE. See Letter [Doc. No. 16-1]. That informal procedure does not fulfill the IDEA exhaustion requirement,

however. As DESE has explained, Plaintiff may seek a "due process hearing" through the BSEA. Id. at 2. Because Plaintiff has not sufficiently pled that she exhausted her remedies as required by the IDEA, she has failed to state a claim for judicial relief under that statute.

### D.     ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).[2]

An ADA claim which is "premised on a failure to provide a reasonable accommodation -- or, in other terminology, to make reasonable modifications . . . alleges that: (1) due to the claimant's disability, he needs an individualized change to a public entity's facially neutral policies, practices, or procedures if he is to effectively access some opportunity; but (2) the public entity unjustifiably failed to make that change." Sosa v. Massachusetts Dep't of Corr., 80 F.4th 15, 31 (1st Cir. 2023) (footnote omitted).

Plaintiff identifies three scenarios in which the Braintree Public Schools allegedly failed to accommodate her disabilities, but she has not adequate pled her claims of disability

---

[2] Plaintiff also seeks relief under the Section 504 of the Rehabilitation Act. The same standards apply to claims under the ADA and the Rehabilitation Act. See Conlon v. Scaltreto, 158 F.4th 211, 226 (1st Cir. 2025).

discrimination.³ Plaintiff claims that, in 2023, during school drop-off, she encountered "hostility" "related to a parking related to a parking spot dispute," and that "[s]taff were aggressive despite Plaintiff having a handicap placard." Am. Compl. 2 [Doc. No. 16]. However, Plaintiff does not identify her disability, the accommodation she needed, and whether staff on the scene "were on notice of a reasonable accommodation that would be necessary to prevent discrimination." Conlon v. Scaltreto, 158 F.4th 211, 226 (1st Cir. 2025); see also id. ("The reasonableness of any accommodation necessarily takes account of both the context and the facts and circumstances known to the officers when they acted."). Plaintiff's allegation concerning the denial of the recording of an IEP meeting does not show how she was excluded from participation in or was denied the benefits of the meeting.⁴ Plaintiff's allegation that Braintree Public Schools violated the ADA by "impos[ing] a communication ban across all schools, citing a TikTok narration video without notice or hearing," does not plausibly plead that she was discriminated on the basis disability.

Finally, Plaintiff has failed to plausibly plead a violation of 42 U.S.C. § 12203. This statute, which is applicable to all titles of the ADA, prohibits retaliation against any individual because such individual asserted their rights under the ADA. Plaintiff has not plausibly alleged that the defendants engaged in "[r]epeated surveillance of Plaintiff's child pickups; harassment emails," because she had exercised her rights under the ADA.

---

³ For purposes of this order, the court assumes that Plaintiff's claims under Title II of the ADA concern her access to or participation in the "benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132.

⁴ An exhibit to one of Plaintiff's Motion suggests that, on at least one occasion, Braintree Public Schools provided her with a transcript of an IEP meeting and made the recording of the meeting available to Plaintiff to view. Letter to School 24 [Doc. No. 14-1].

### E. First Amendment

Plaintiff's allegation that Braintree Public Schools violated her rights under the First Amendment rights by imposing a "communication ban" because she because she posted a video on TikTok does not contain enough information to state a claim for relief. If Plaintiff wishes to pursue this claim, she must include allegations that describe the content of the video, the nature and scope of the "communication ban," and who imposed the ban.

### III. Filing of a Second Amended Complaint

If Plaintiff wishes to proceed with this action, she must file a second amended complaint that cures the above-identified issues. In summary, Plaintiff may not (1) assert claims based on injuries to her children on her own behalf or on their behalf; (2) seek relief under FERPA; or (3) seek relief under the IDEA without first exhausting her administrative remedies in front of the BSEA. In addition, in any claim under Title II of the ADA, Plaintiff must clearly identify her disability, the reasonable accommodation sought, how she requested this accommodation, and the Defendant's response any such requests. Plaintiff must also include additional allegations detailing the "communication ban" if she wishes to bring a First Amendment claim based on that ban. Plaintiff must also identify the facts entitling Plaintiff to relief as to each Defendant named. Finally, Plaintiff shall use only initials, and not the names, of her minor children in all further filings.

### IV. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. If Plaintiff wishes to proceed with this action, she must, within twenty-eight (28) days file a second amended complaint in accordance with the above discussion.

2. In the absence of an operative complaint, the Motion for Reasonable

Accommodation [Doc. No. 12], Motion for Emergency Relief [Doc. No. 13], and Emergency Motion for Immediate Relief [Doc. No. 14] are DENIED.[5]

        IT IS SO ORDERED.

                                /s/ Indira Talwani
                               United States District Judge

Dated: December 17, 2025

---

[5] The Motion for Reasonable Accommodation [Doc. No. 5] is also denied because, as the court previously explained when Plaintiff filed the identical motion, see Mot. [Doc. No. 5], the Rehabilitation Act and the Americans with Disabilities Act does not apply to federal courts, see Order 2 [Doc. No. 9].